IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 9, 2008

Charles R. Fulbruge III
Clerk

No. 05-30536

UNITED STATES OF AMERICA

Plaintiff-Appellant

v.

RICHARD ROWAN, II

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JOLLY, GARZA, and PRADO, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

We hereby withdraw the previous panel opinion,[1] and we substitute the following in its place:

Plaintiff-Appellant (the "Government") appeals the District Court decision sentencing Defendant-Appellee Richard Rowan, II ("Rowan") to a sixty-month period of probation following his conviction for possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). We AFFIRM.

---

[1] United States v. Rowan, No. 05-30536, 2008 WL 2266995, (5th Cir. June 4, 2008)

Rowan pleaded guilty to the illegal possession of child pornography. During sentencing, the District Court properly calculated his Guidelines range as 46-57 months of imprisonment. Rather than sentencing Rowan to a term of imprisonment within this range, or even to a modest period of incarceration, the District Court sentenced him to a sixty-month period of probation. The Government timely appealed. We vacated and remanded for resentencing under United States v. Duhon, 440 F.3d 711 (5th Cir. 2006) (vacating sentence of probation for possession of child pornography), cert granted, judgment vacated by 128 S. Ct. 853 (2008). Rowan petitioned for certiorari.

Following our decisions in Duhon and Rowan, the Supreme Court issued Gall v. United States, 128 S. Ct. 586 (2007) (clarifying appellate review of District Court sentencing decisions). The Supreme Court granted Rowan's petition for certiorari, vacated our previous decision in Rowan, and remanded the case for consideration under Gall. We now revisit this case in light of Gall.

We review District Court sentencing decisions for abuse of discretion. Gall, 128 S. Ct. at 597. Our review is bifurcated. Id. at 597-98; United States v. Rodriguez, 523 F.3d 519, 524-25 (5th Cir. 2008). First, we must determine whether the District Court committed any significant procedural error. Gall, 128 S. Ct. at 597; Rodriguez, 523 F.3d 525. The District Court commits a procedural error if: it miscalculates or fails to calculate the proper Guidelines range; it treats the Guidelines as mandatory; it imposes a sentence based on clearly erroneous facts; it fails to consider the factors set forth in 18 U.S.C. § 3553(a); or it fails adequately to explain its chosen sentence or any deviation from the Guidelines range. See Gall, 128 S. Ct. at 597; Rodriguez, 523 F.3d 525. Second, if the District Court has committed no significant procedural error, we review the sentence for substantive reasonableness. See Gall, 128 S. Ct. at 597; Rodriguez, 523 F.3d 525.

Sentences fall into three categories: (1) those within a properly calculated Guidelines range, (2) those outside a properly calculated Guidelines range that are based on an allowed upward or downward departure, and (3) those outside a properly calculated Guidelines range that are not based on an allowed departure. United States v. Davis, 478 F.3d 266, 273 (5th Cir. 2007). Rowan's sentence is outside the applicable Guidelines range and was not based on an allowed departure. See U.S.S.G. 5B1.1. Therefore, Rowan's sentence is a non-Guidelines sentence. See id.; Davis, 478 F.3d at 273.

When the District Court imposes a non-Guideline sentence, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall, 128 S. Ct. at 597. Even if we "might reasonably have concluded that a different sentence was appropriate, [this] is insufficient to justify reversal of the district court." See id.

We find no significant procedural error in the District Court's sentencing decision: the District Court properly calculated the Guideline range, heard arguments concerning appropriate sentences, and meticulously considered the § 3553(a) factors. Based on the foregoing, the District Court concluded that a non-Guidelines sentence of a sixty-month period of probation was appropriate. In light of the deferential standard set forth in Gall, 128 S. Ct. at 597-98, we AFFIRM.