IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 22, 2008

Charles R. Fulbruge III
Clerk

No. 07-30140
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

MICHAEL ANTHONY WILLIAMS

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:06-CR-20063-1

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This case is before us on remand from the United States Supreme Court. The Court vacated our judgment in United States v. Williams, 250 F. App'x 84 (5th Cir. 2007), and remanded the case for further consideration in light of Gall v. United States, 128 S. Ct. 586 (2007). Williams v. United States, 128 S. Ct. 2052 (2008). For the reasons stated below, we affirm the judgment of the district court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. BACKGROUND

On June 13, 2006, defendant-appellant Michael Anthony Williams was charged with one count of possession of child pornography. On October 12, 2006, Williams pleaded guilty. In connection with Williams's plea, the parties filed a joint stipulation in which Williams admitted that on August 19, 2006, federal agents seized his computer, which contained hundreds of child pornography images that Williams had downloaded from the internet.

On November 30, 2006, a United States Probation Officer submitted a Pre-Sentence Investigation Report (PSR). The PSR calculated an advisory guideline range of 78 to 97 months. Neither party objected to the PSR. However, on January 9, 2007, Williams filed a sentencing memorandum urging the district court to sentence him below the advisory range set by the United States Sentencing Guidelines (the "Guidelines"), namely a sentence of probation or home confinement. Williams argued that since he had voluntarily begun receiving psychological treatment at the Lafayette Psychology Center with Dr. Maureen Brennan, a sentence of probation or home confinement that allowed him to continue to receive treatment would best satisfy the sentencing factors set forth in 18 U.S.C. § 3553(a). Williams submitted reports from Dr. Brennan along with letters from friends and family members in support of his memorandum. One of those letters indicated that Williams had previously babysat his friend's two small children.

On January 26, 2007, after hearing argument from both parties, the district court sentenced Williams to 78 months of imprisonment and a lifetime term of supervised release thereafter, and ordered Williams to receive mental health treatment as a condition of his supervised release. The district court stated that: "In determining the sentence to be imposed, I've considered the factors contained in 18 U.S.C. [§] 3553, the Advisory Sentencing Guidelines, all of the submissions that have been made by the defendant along with [defense

counsel's] eloquent argument and memorandum." The district court was persuaded by defense counsel to impose the minimum Guidelines sentence, but refrained from departing downward because Dr. Brennan's report stated that Williams was "only beginning to gain any insight into his behavior," and Williams had allowed himself to be placed in a supervisory role over small children when babysitting for his friend.

Williams filed a timely appeal to this court, arguing that his sentence: (1) was unreasonable because it was greater than necessary to meet the sentencing objectives of § 3553(a); and (2) was unreasonable as a matter of law because this court's application of a presumption of reasonableness to within-Guidelines-range sentences violated the Sixth Amendment.

We affirmed the district court's judgment. Williams, 250 F. App'x at 85. We noted that there was no dispute that the Guidelines range was properly calculated and, therefore, found that Williams's sentence was entitled to a rebuttable presumption of reasonableness. Id. at 84 (citing United States v. Alonzo, 435 F.3d 551, 553-54 (5th Cir. 2006)). Nothing in the record indicated to us that Williams's sentence was unreasonable. Id. at 85. Moreover, while Williams conceded that his objection to the presumption of reasonableness was foreclosed by circuit precedent, we also noted that the Supreme Court had recently affirmed the application of a presumption of reasonableness. Id. (citing Rita v. United States, 127 S. Ct. 2456, 2462-66 (2007)).

On January 3, 2008, Williams filed a Petition for Writ of Certiorari in the United States Supreme Court. On April 21, 2008, the Court vacated this court's judgment and remanded the case for further consideration under Gall. See Williams, 128 S. Ct. 2052. We now revisit this case in light of Gall.

## II. DISCUSSION

A district court's sentence must be based on an individualized assessment of the facts presented. United States v. Campos-Maldonado, – F.3d – , 2008 WL 2357364, at *1 (5th Cir. 2008) (citing Gall, 128 S. Ct. at 596-97). The district court must start by properly calculating the Guidelines range. Gall, 128 S. Ct. at 596 (citation omitted). Next, the district court should give the parties an opportunity to argue for whatever sentence they deem appropriate, and then "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." Id. The district court "may not presume that the Guidelines range is reasonable." Id. at 596-97. The "individualized assessment necessarily means that the sentencing court is free to conclude that the applicable Guidelines range gives too much or too little weight to one or more factors, either as applied in a particular case or as a matter of policy." Campos-Maldonado, 2008 WL 2357364, at *1 (citation and internal quotation marks omitted).

We review a district court's sentencing decision for abuse of discretion. Gall, 128 S. Ct. at 597.[1] We first "determine whether the [d]istrict [c]ourt committed any significant procedural error." United States v. Rowan, – F.3d – , 2008 WL 2332527, at *1 (5th Cir. 2008) (citing Gall, 128 S. Ct. at 597; United States v. Rodriguez, 523 F.3d 519, 525 (5th Cir. 2008)). The district court:

> commits a procedural error if it miscalculates or fails to
> calculate the proper Guidelines range; it treats the
> Guidelines as mandatory; it imposes a sentence based
> on clearly erroneous facts; it fails to consider the factors
> set forth in 18 U.S.C. § 3553(a); or it fails adequately to

---

[1] Williams did not specifically object to the district court that his sentence imposed was unreasonable, which arguably could result in plain-error review. See United States v. Hernandez-Martinez, 485 F.3d 270, 272 (5th Cir. 2007). Yet, as we held in our original opinion, we need not decide whether plain-error review applies because even under an abuse-of-discretion standard Williams's arguments fail.

explain its chosen sentence or any deviation from the Guidelines range.

Id. (citing Gall, 128 S. Ct. at 597; Rodriguez, 523 F.3d at 525). If the district court did not commit a significant procedural error, "we review the sentence for substantive reasonableness." Id. (citing Gall, 128 S. Ct. at 597; Rodriguez, 523 F.3d at 525).

Appellate review is highly deferential to the sentencing judge because the district court is in a superior position to find facts and apply § 3553(a) factors to a particular defendant's circumstances. Gall, 128 S. Ct. at 597-98 (citation omitted). "A discretionary sentence imposed within a properly calculated [G]uidelines range is presumptively reasonable." Campos-Maldonado, 2008 WL 2357364, at *1 (citations omitted); see also Gall, 128 S. Ct. at 597. In reviewing a sentence for reasonableness, we examine whether the district court's sentence failed to "account for a factor that should have received significant weight," gave "significant weight to an irrelevant or improper factor," or represented "a clear error of judgment in balancing the sentencing factors." United States v. Nikonova, 480 F.3d 371, 376 (5th Cir. 2007) (citation and internal quotation marks omitted).

In Gall, the Supreme Court expressly rejected "an appellate rule that requires 'extraordinary' circumstances to justify a sentence outside the Guidelines range." 128 S. Ct. at 595. The Court held that if the district court decides that an outside-Guidelines-range sentence is appropriate, the district court should "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." Id. at 597. But a reviewing court "may not apply a presumption of unreasonableness." Id. Even with below-Guidelines-range sentences, the appellate court must give "requisite deference" to the district court's decision, as

required by the deferential abuse-of-discretion standard of review that applies to all sentencing decisions. Id. at 597-98.

Before turning to Williams's case, we shall first discuss two of our post-Gall decisions. First, in United States v. Rodriguez-Rodriguez, – F.3d – , 2008 WL 2332528, at *1 (5th Cir. 2008), we were faced with a similar remand from the United States Supreme Court for consideration of a district court's sentence in light of Gall. In that case, although the district court had imposed a sentence within the Guidelines range, the Government did not oppose the defendant's request to remand the case to the district court for re-sentencing. Id. at *1 n.1. Nevertheless, we affirmed the district court's judgment without remand, noting that:

> [t]he relevant differences between this case and Gall are vast. Here we affirmed a sentence within the advisory guideline range which had been correctly calculated by the district court, a sentence properly subjected on appeal to a nonbinding presumption of reasonableness, and we did not fail to give due deference to the district court's sentencing decision. By contrast, in Gall the court of appeals reversed the district court's out-of-guideline sentence, erroneously presuming it to be unreasonable for that reason and failing to accord the district court's sentence the deference it was due under the applicable abuse-of-discretion standard of review. Nothing of that kind happened here.

Id. at *3.

Furthermore, in reviewing the record, we noted that the district court in Rodriguez-Rodriguez did not fail to calculate the Guidelines range properly, did not treat the Guidelines as mandatory, did not fail to consider the § 3553(a) factors, and did not impose a sentence on clearly erroneous facts. Id. Even assuming that prior aspects of Fifth Circuit precedent might have led a district court to refrain from departing downward, the court observed that:

> nothing in the record indicat[ed] that the district court in making its sentencing decision here felt in any way limited in the alternatives it desired to consider by this court's sentencing jurisprudence, or in any way disagreed with the guidelines or felt that a sentence within the guideline range was too harsh, or had any inclination, for any reason, to impose a lesser sentence than it did.

Id. at *5. Accordingly, even in light of Gall, we found the sentence reasonable and affirmed without remand. Id. at *6.

Second, in Campos-Maldonado, a defendant argued that his sentence should be vacated because the district court's pre-Gall sentence might have resulted from our prior jurisprudence that arguably restricted the district court's sentencing discretion in a manner incompatible with Gall. 2008 WL 2357364, at *1. We refrained from vacating the district court's judgment, however, because "the record demonstrate[d] that the district court was aware of [the defendant's] argument for a non-guidelines sentence based on his particular circumstances. The court nevertheless concluded that the Guidelines provided the appropriate sentencing range." Id. at *2. Moreover, we found that our precedent did not preclude the district court from deviating from the Guidelines range based on a conclusion that the sentence was excessive. Id.

With all of this in mind, we turn to the reasonableness of Williams's sentence.[2] Williams did not raise any procedural errors. Nor is there any dispute that a proper Guidelines range was applied, so we presume that the sentence was reasonable. See Campos-Maldonado, 2008 WL 2357364, at *1 (citation omitted). Williams complained that the substantive decision was unreasonable in light of the fact that it would terminate the psychological

---

[2] Williams also argued in his appeal that the application of a presumption of reasonableness violated the Sixth Amendment. This argument was rejected by the Supreme Court. Rita, 127 S. Ct. at 2462-68. That holding was reconfirmed in Gall, 128 S. Ct. at 597 (citation omitted).

treatment he was receiving. But the district court amply considered this fact and reasonably concluded that it did not justify giving a sentence of probation or home confinement in light of the § 3553(a) factors. See Rodriguez-Rodriguez, 2008 WL 2332528, at *4.

Furthermore, there is no reason to remand the case for re-sentencing because nothing in the record indicates that the district court felt constrained in making its sentencing decision in any manner by this court's prior sentencing jurisprudence. See id. at *5. To the contrary, the district court gave serious consideration to Williams's argument, but ultimately disagreed that Williams should receive probation or home confinement. The district court stated:

> As reprehensible as I find the crime of child pornography, these cases are particularly difficult because many occasions it is perpetrated by people who have no other criminal history, and people who have otherwise, sometimes, lead lives that have value. So, these are the occasions, I guess, why they pay me the big bucks, because these are the hard ones. Some are not so hard. Some are really easy. These are not. But I have to go back, number one, to the fact that he was letting himself be placed in a position of supervision over children, which knowing what he was doing on the internet I find to be particularly frightening. I also have to go back to Dr. [Brennan's] follow-up letter, which really is not very encouraging to me, and in particular, "He is only beginning to gain any insight into his behavior. His passivity and lack of initiative will be major hurdles for him to overcome. Until he can create a real—'real life'—in quotations—in which he is involved and rewarded, it will remain all too easy for him to retreat back to fantasy fulfillment.["] So although, [defense counsel], you make a compelling argument, the argument you make will propel me only to sentence him at the low end of the guideline range.

Accordingly, remand for re-sentencing is unnecessary.

## III. CONCLUSION

For the reasons stated above, we AFFIRM the judgment of the district court.