IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 17, 2008

Charles R. Fulbruge III
Clerk

No. 08-50129
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ARTURO ARELLANO-CHAVEZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-2555-ALL

Before SMITH, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Arturo Arellano-Chavez was convicted of one count of illegal reentry into the United States and was sentenced to serve 27 months in prison. Arellano-Chavez appeals his sentence. He argues that his sentence is unreasonable because it is greater than necessary to meet the goals of 18 U.S.C. § 3553 and because the district court placed too much emphasis on the Sentencing Guidelines. He also contends that the district court failed to take into consideration the facts of his case, particularly the fact that his offense was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motivated by his desire to aid his child. Relying on United States v. Castro-Juarez, 425 F.3d 430 (7th Cir. 2005), he argues that application of the plain error standard is inappropriate even though he did not raise these arguments in the district court. Nevertheless, he concedes that this argument is unavailing under this court's jurisprudence, and he raises it to preserve it for possible further review.

Under the discretionary sentencing system established by United States v. Booker, 543 U.S. 220 (2005), district courts retain the duty to properly calculate and consider the applicable sentencing range under the Sentencing Guidelines, along with the sentencing factors set forth in § 3553(a), when fashioning a sentence. United States v. Mares, 402 F.3d 511, 518-19 (5th Cir. 2005). When reviewing a sentence, we typically consider whether the district court committed significant procedural error at sentencing and whether the sentence imposed is substantively reasonable. See Gall v. United States, 128 S. Ct. 586, 594, 597 (2007). The district court's sentencing decision is ultimately reviewed for an abuse of discretion. Id. at 594. As Arellano-Chavez concedes, his arguments to this court are reviewed for plain error only due to his failure to present them to the district court. See United States v. Peltier, 505 F.3d 389, 391-92 (5th Cir. 2007), cert. denied, 128 S. Ct. 2959 (2008).

Our review of the record shows no error, plain or otherwise, in connection with Arellano-Chavez's sentence. The record shows that no significant procedural error was committed at sentencing. To the contrary, the district court's remarks show that it properly considered the Guidelines a starting point in its sentencing analysis and that the district court's ultimate choice of sentence was firmly grounded in several of the § 3553(a) factors. See Mares, 402 F.3d at 518-19; see also United States v. Rodriguez-Rodriguez, 530 F.3d 381, 384 (5th Cir. 2008).

The record likewise confirms that Arellano-Chavez's sentence, which was within the applicable guidelines range, is reasonable. Arellano-Chavez has not

rebutted the presumption of reasonableness that attaches to this sentence.  See Rita v. United States, 127 S. Ct. 2456, 2462 (2007); United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).  Arellano-Chavez's disagreement with the district court's assessment of an appropriate sentence is insufficient to show that his sentence is unreasonable or that the sentence imposed represents an abuse of the district court's sentencing discretion.  See Alonzo, 435 F.3d at 554; see also United States v. Rowan, 530 F.3d 379, 381 (5th Cir. 2008).  The judgment of the district court is AFFIRMED.