REVISED October 23, 2008

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 21, 2008

Charles R. Fulbruge III
Clerk

No. 07-41116
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

AMBROSIO DURAN

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:07-CR-492-1

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ambrosio Duran was convicted of possession of more than 100 kilograms of marijuana with intent to distribute and sentenced to serve 37 months in prison. Duran appeals his sentence. We review his sentence to determine whether the district court committed significant procedural error at sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and whether the sentence imposed is substantively reasonable. See Gall v. United States, 128 S. Ct. 586, 594 (2007).

Duran contends that his sentence should be summarily vacated and remanded because Gall and Kimbrough v. United States, 128 S. Ct. 558 (2007) have wrought enormous change in sentencing law. This argument lacks merit. See United States v. Rodriguez-Rodriguez, 530 F.3d 381, 388 (5th Cir. 2008); see also United States v. Campos-Maldonado, 531 F.3d 337, 338-39 (5th Cir.), cert. denied, – S. Ct. –, 2008 WL 3996218 (2008).

Duran also contends that the district court committed significant procedural error at sentencing by failing to give adequate reasons to support its choice of sentence. Duran did not raise this claim in the district court. Rather, his post sentencing objection focused on the substantive reasonableness of his sentence. Because Duran did not raise this particular procedural reasonableness argument in the district court, it is reviewed for plain error only. See United States v. Peltier, 505 F.3d 389, 391-92 (5th Cir. 2007), cert. denied, 128 S. Ct. 2959 (2008); see also United States v. Rodriguez, 15 F.3d 408, 414 (5th Cir. 1994).

Our review of the record shows that "[t]he sentencing judge set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority." See Rita v. United States, 127 S. Ct. 2456, 2468 (2007). Although the district court's rationale for its choice of sentence was succinct, it was not required to provide a "lengthy explanation" for its choice of a sentence within the pertinent guidelines range, and a review of the sentencing transcript confirms that it considered the parties' arguments concerning the sentence Duran should receive. See id.; see also United States v. Bonilla, 524 F.3d 647, 657-59 (5th Cir. 2008). Duran's challenge to the procedural reasonableness of his sentence is unavailing.

Duran's contention that his sentence is substantively unreasonable likewise fails. Duran attempts to rebut the presumption of reasonableness that attaches to his sentence by contending that his sentence is greater than necessary to achieve the goals of 18 U.S.C. § 3553(a). See Rita, 127 S. Ct. at 2462; United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). Duran's disagreement with the district court's assessment of an appropriate sentence is insufficient to show that his sentence is unreasonable or that the sentence imposed represents an abuse of the district court's vast sentencing discretion. See Alonzo, 435 F.3d at 554; see also United States v. Rowan, 530 F.3d 379, 381 (5th Cir. 2008). The judgment of the district court is AFFIRMED.