# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2008

Charles R. Fulbruge III
Clerk

No. 08-10079
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

KELLY KENNY

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-80-6

Before DAVIS, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

Kelly Kenny pleaded guilty to possessing methamphetamine with intent to distribute. She was sentenced to a 63-month term of imprisonment. She claims that the district court miscalculated her guidelines range when it held her accountable for the actual weight of methamphetamine rather than the weight of the mixture or substance, as the latter would have yielded a lesser sentence. She claims that the district court also committed procedural error when it held her accountable for all of the methamphetamine (actual) involved

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in a proposed transaction at which she had not intended to be present. She claims also that her sentence was substantively unreasonable because it was harsher than sentences imposed on others involved in the same two transactions.

We review sentencing decisions for abuse of discretion. *United States v. Rowan*, 530 F.3d 379, 381 (5th Cir. 2008). This review process is bifurcated. *Id.* (citing *Gall v. United States*, 128 S. Ct. 586, 596-98 (2008)). We first determine whether the district court committed a significant procedural error. *Id.* If the sentence is procedurally sound, we then consider the "substantive reasonableness" of the sentence under an abuse-of-discretion standard. *Id.*

"The District Court commits a procedural error if: it miscalculates or fails to calculate the proper Guidelines range; it treats the Guidelines as mandatory; it imposes a sentence based on clearly erroneous facts; it fails to consider the factors set forth in 18 U.S.C. § 3553(a); or it fails adequately to explain its chosen sentence or any deviation from the Guidelines range." *Rowan*, 530 F.3d at 381. Even after *Gall*, this court's review of a district court's construction of the Guidelines continues to be de novo and its review of findings of fact continues to be for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). "An error in applying the Guidelines is a significant procedural error that constitutes an abuse of discretion." *United States v. Klein*, 543 F.3d 206, 213 (5th Cir. 2008).

The Sentencing Guidelines direct that the base offense level be "determined by the entire weight of the mixture or substance, or the offense level determined by the weight of the . . . methamphetamine (actual), whichever is greater." U.S.S.G. § 2D1.1, note (B). The district court did not err in calculating Kenny's sentence based on the weight of the methamphetamine (actual) involved in Kenny's transactions. Nor did it err by calculating the sentence based on the total amount of drugs from the two transactions. The base offense level and adjustments thereto are to be determined on the basis of relevant conduct, which

includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant," § 1B1.3(a)(1), that "were part of the same course of conduct or common scheme or plan as the offense of conviction." § 1B1.3(a)(2); see also § 3D1.2(d). Kenny aided and abetted the second transaction by providing the Government's confidential informant with a cellular telephone number to facilitate it. Consequently, the events of and leading to that day constituted relevant conduct for which she is accountable even though she was not convicted of any crime because of them. See United States v. Culverhouse, 507 F.3d 888, 895 (5th Cir. 2007) (stating that "[a]n offense need not have resulted in a conviction to constitute relevant conduct under the guidelines"). Additionally, it is clear from the presentence investigation report (PSR) that the total amount of drugs desired by the confidential informant was capable of being produced for the second transaction, although that amount was not present and seized. In the absence of credible rebuttal evidence by Kenny, the district court was free to adopt the PSR's findings as its own. See United States v. Ayala, 47 F.3d 688, 690 (5th Cir. 1995).

Nor has Kenny shown that her sentence was substantively unreasonable. In considering an appropriate sentence, the district court should take into account "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." § 3553(a)(6). The record does not reveal the bases for the sentences later imposed on the other defendants involved in Kenny's two transactions. Thus, it is unknown whether they and Kenny were indeed similarly situated with respect to criminal history and circumstances. As a consequence, we cannot determine whether the disparities of which Kenny complains were unwarranted.

AFFIRMED.