IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 2, 2009

Charles R. Fulbruge III
Clerk

No. 08-30487
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ANTHONY DARTEZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:07-CR-20009-1

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Anthony Dartez pled guilty to possessing child pornography transported in interstate commerce. *See* 18 U.S.C. § 2252A(a)(5)(B). The district court sentenced Dartez to 120 months of imprisonment, which was the statutory maximum term and above the range advised by the United States Sentencing Guidelines. On appeal, he contends that his sentence was unreasonable because the district court gave too much weight to Sentencing Guideline factors favoring punishment and not enough weight to the factors counseling mitigation of the

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence. He also contends that the district court improperly weighed his disputing the number of pornographic images that he was charged with possessing. He asserts that the district court mistakenly believed that he was attempting to minimize the seriousness of his crime.

When the issue is properly preserved for appeal, we examine whether the sentence resulted from an abuse of the trial court's discretion. *Rita v. United States*, 127 S. Ct. 2456, 2465 (2007). This review for reasonableness is a two-part process. *United States v. Rowan*, 530 F.3d 379, 381 (5th Cir. 2008). The appellate court first ensures that the district court did not commit a significant procedural error. *Id.* If the sentence is procedurally sound, the appellate court then considers its "substantive reasonableness." *Id.*

The Government contends these review standards do not apply because Dartez did not make a contemporaneous objection to the sentence imposed. If that is so, our review would be for plain error. It is not necessary to determine the sufficiency of Dartez's objection at his sentencing hearing because he has failed to show that his sentence is infirm even under an abuse of discretion standard.

Dartez's first argument is that the district court's determination about the number of images was the type of clearly erroneous fact-finding that amounts to procedural error. *See Gall v. United States*, 128 S. Ct. 586, 597 (2008). However, Dartez offered no evidence in rebuttal to the Government's witness. There is thus nothing to show that the district court's factual finding was erroneous. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Nevertheless, Dartez also argues that his persistence in his objection to the number of images itself became a factor that the district court improperly considered when imposing sentence. A non-Guidelines sentence may be found unreasonable if, among other reasons, it assigns too much weight to an improper factor. *United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007), *cert. denied*,

128 S. Ct. 2959 (2008). Dartez claims that he got a harsher sentence in part because his counsel's dispute about the number of images was found to be an irritating quibble. However, nothing in the record supports that the court chose Dartez's sentence because of a dispute being made about the number of images.

The actual reasons articulated by the sentencing judge for the sentence included that Dartez's materials were graphic and featured young children. In the district court's view, Dartez's act of collecting the pornography meant that he encouraged the kind of abuse that was depicted. The court labeled Dartez's actions as sexual exploitation and abuse of children. Also considered was Dartez's history of being sexually abused as a child. One stated purpose for the sentence was to make professional treatment available to assist his overcoming what the court labeled as sexual dysfunction.

The district court summarized its analysis by stating that an upward departure from the Guidelines range was warranted in light of Dartez's characteristics, the circumstances involving his crime, and his refusal to recognize the full import of his actions. Dartez fails to demonstrate that the district court committed procedural error.

Dartez also fails to demonstrate that his sentence was not substantively reasonable. A "sentencing court may . . . conclude in a particular case that a sentence within the Guidelines range is not lengthy enough to serve the objectives of sentencing." *United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008). That is what the district court did in Dartez's case. Even if an 87-month sentence would have been reasonable, as Dartez suggests, that is an insufficient reason for not deferring to the district court's decision to impose the sentence that it selected. *See Gall*, 128 S. Ct. at 597.

Dartez's motion to have his counsel relieved and new counsel appointed is DISMISSED as moot. We AFFIRM.