# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 8, 2009

Charles R. Fulbruge III
Clerk

No. 07-40986
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JORGE HERNANDES-VALDES, also known as George Dolores Hernandes
Valdes

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:07-CR-355-1

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jorge Hernandes-Valdes challenges his sentence of, *inter alia*, 72-months'
imprisonment, imposed upon his conviction for illegal reentry into the United
States, subsequent to his aggravated-felony conviction.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and
an ultimate sentence is reviewed for reasonableness under an abuse-of-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

discretion standard, the district court must still properly calculate the guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 128 S. Ct. 586, 596 (2007). In that respect, for an issue raised in district court, its application of the guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Hernandes first claims the district court committed significant procedural error by imposing a sentence within the pertinent guidelines range, without explaining its rejecting Hernandes' below-the-range contentions. In this instance, however, because this issue was not raised in district court, it is reviewed only for plain error. *E.g.*, *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To show reversible plain error, Hernandes must show a forfeited error that is "clear" or "obvious" and that affected his substantial rights. *E.g.*, *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). Even if he makes such a showing, this court retains discretion to correct the error, and, generally, will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Assuming, *arguendo*, the district court erred by failing to explain its rejection of Hernandes' claims, Hernandes still has not shown reversible plain error because he has failed to show that a more extensive explanation by the district court would have resulted in his receiving a lower sentence. *See Mondragon-Santiago*, 564 F.3d at 364-65.

For the second of three issues, Hernandes contends that his sentence was unreasonable in the light of *Gall*, 128 S. Ct. at 586, and *Kimbrough v. United States*, 128 S. Ct. 558 (2007). Again, this claim is reviewed only for plain error because Hernandes did not assert in district court that our precedent impermissibly restricted the court's discretion in sentencing. *See United States v. Rodriguez-Rodriguez*, 530 F.3d 381, 387-88 (5th Cir.), *cert. denied*, 129 S. Ct.

425 (2008).  Hernandes fails to establish the claimed error affected his sentence; therefore, he is not entitled to relief on this claim.  *See id.*

Hernandes' final contention—that his sentence is not entitled to a presumption of reasonableness because the relevant guideline is not supported by empirical evidence—is also without merit.  *See Mondragon-Santiago*, 564 F.3d at 366-67.  His sentence is presumptively reasonable.  *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).  Hernandes' claims  that a lesser sentence was warranted due to his substance abuse and lack of incentive to reoffend do not suffice to rebut this presumption.  *See United States v. Rowan*, 530 F.3d 379, 381 (5th Cir. 2008).

AFFIRMED.