# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 5, 2010

No. 09-20511
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE TREJO MIRELES, also known as Jose Luis Trejo, also known as Jose Luis Trejo Mireles, also known as Jose Trejo,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-160-1

Before WIENER, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jose Trejo Mireles appeals the 45-month below-guidelines sentence imposed following his guilty plea conviction of being unlawfully present in the United States after having been previously removed. He argues that the sentence is procedurally and substantively unreasonable.

Following *United States v. Booker*, 543 U.S. 220 (2005), we review sentences for reasonableness in light of the factors in 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). This standard applies whether the sentence is within or outside the guidelines range. *Gall v. United States*, 552 U.S. 38, 51 (2007). Pursuant to *Gall*, we engage in a bifurcated review of the sentence. *United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009). We first consider whether the district court committed a "significant procedural error." *Id.* at 752-53. If there is no such error, we then review the substantive reasonableness of the sentence for abuse of discretion. *Id.* at 751-53.

Relying on *Gall*, 552 U.S. at 47, Trejo Mireles asserts the district court procedurally erred by requiring extraordinary family circumstances to justify a further variance below the 46-to-57-month guidelines range of imprisonment. This argument is unavailing. The record as a whole, including the district court's comments prior to and after sentencing, reflect that the court considered Trejo Mireles's individual circumstances, and there is no indication that the district court required extraordinary circumstances before it would impose a sentence outside of the guidelines range.

Trejo Mireles's second point of error, that the district court improperly weighed the sentencing factors of § 3553(a), also fails. The record reflects that the district court considered the history and characteristics of the defendant; the need for the sentence to promote respect for the law; the need for the sentence to afford adequate deterrence to criminal conduct; and the need for the sentence to protect the public from further crimes of the defendant. The record therefore shows that the district court carefully considered and weighed the § 3553(a) factors at sentencing. Accordingly, Trejo Mireles has failed to demonstrate that the district court erred in weighing the § 3553(a) factors.

Relatedly, Trejo Mireles contends that the sentence is substantively unreasonable because it is greater than necessary to achieve the sentencing goals of § 3553(a). Trejo Mireles's appellate argument is, in essence, that this court should reweigh the § 3553(a) factors. That we "might reasonably have

concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51. Trejo Mireles's disagreement with the district court's assessment of his sentence is insufficient to show that his sentence is unreasonable or that the sentence imposed represents an abuse of the district court's sentencing discretion. *See United States v. Rowan*, 530 F.3d 379, 381 (5th Cir. 2008).

AFFIRMED.