# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 20, 2010

No. 09-50667
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE MANUEL OLIVO-SALAZAR, also known as Jose Manuel Olivo-Salazar, also known as Jose Manuel Renteria,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:08-CR-1198-1

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jose Olivo-Salazar pled guilty to illegal reentry into the United States following deportation. *See* 8 U.S.C. § 1326. On appeal, he contends that his seventy-two month sentence is greater than needed to satisfy federal sentencing goals. We disagree and AFFIRM.

A district court may impose three types of sentences: "(1) a sentence within a properly calculated Guideline range; (2) a sentence that includes an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

upward or downward departure as allowed by the Guidelines, which sentence is also a Guideline sentence; or (3) a non-Guideline sentence which is either higher or lower than the relevant Guideline sentence." *United States v. Tzep-Mejia*, 461 F.3d 522, 525 (5th Cir. 2006).  Sentencing decisions are ordinarily reviewed for abuse of discretion. *See United States v. Rowan*, 530 F.3d 379, 381 (5th Cir. 2008).

The district court did not classify Olivo-Salazar's above-Guidelines sentence as either a departure or a variance.  However, the district court's statement that the advisory range was inadequate in view of Olivo-Salazar's history of progressively more serious crimes indicates that the court was departing pursuant to U.S.S.G. § 5K2.0(a), which authorizes a departure if the court finds an "aggravating circumstance, of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission. . . ." *Cf. United States v. Rodriguez*, 553 F.3d 380, 396 (5th Cir. 2008).

The first step in reasonableness review is ensuring that the district court did not commit significant procedural error.  *Rowan*, 530 F.3d at 381. If the sentence is procedurally sound, the appellate court must then consider the sentence's "substantive reasonableness." *Id*.  Given that Olivo-Salazar does not question the procedural soundness of his sentence, however, we need only consider the sentence's substantive reasonableness.

Because Olivo-Salazar did not specify why he objected to the sentence imposed, there may be some basis to debate whether he is entitled to review for abuse of discretion or merely for plain error.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).  But as Olivo-Salazar is unable to show that his sentence is infirm even under an abuse of discretion standard, it is unnecessary to decide which standard applies.  *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

If a district court determines "that a sentence within the Guidelines range is not lengthy enough to serve the objectives of sentencing" in a particular case,

it may sentence above that range. *United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008). For a sentence that departs pursuant to the Guidelines, this court infers that the district court considered all the factors necessary under the Guidelines for a fair sentence and will rarely conclude that such a sentence is unreasonable. *See United States v. Rajwani*, 476 F.3d 243, 249 (5th Cir.), *modified on other grounds*, 479 F.3d 904 (5th Cir. 2007).

In light of the escalating seriousness of Olivo-Salazar's criminal behavior, and giving "due deference to the district court's" weighing of the Section 3553(a) factors when sentencing Olivo-Salazar above his Guidelines range, *Gall*, 552 U.S. at 51, neither the fact of the departure from that range nor the extent of it is unreasonable. *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006) (noting that both the decision to depart and the extent of a departure must be reviewed). Olivo-Salazar's seventy-two month sentence is well within the ten year statutory maximum term. *See* 8 U.S.C. § 1326(b)(1). We have approved far greater upward departures than the additional nine months—which is less than fifteen percent greater than the top of his Guidelines range—that Olivo-Salazar received. *See, e.g., United States v. Davenport*, 286 F.3d 217, 221 (5th Cir. 2002).

AFFIRMED.