# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 26, 2010

No. 09-40403
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

URBANO CABRERA-ALEJO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:08-CR-938-1

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Urbano Cabrera-Alejo (Cabrera) pleaded guilty to one count of illegal reentry following previous deportation. Cabrera's advisory guidelines range was calculated to be 46 to 57 months of imprisonment. The district court denied Cabrera's request for a sentence of time served, but did impose a below-guidelines sentence of 30 months of imprisonment. Cabrera argues on appeal that the 30-month sentence is substantively unreasonable because it was greater than necessary to comply with the objectives set forth in 18 U.S.C. § 3553(a). He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contends that the 30-month sentence "makes no sense" because of the fact that he cannot be deported back to Cuba and will most likely remain in the custody of the Immigration and Naturalization Service (INS) after his release for the instant offense.  He also contends that the sentence is excessive in light of his mental health history; his age; "and the unwarranted, unnecessary, and arbitrary amount of time he has spent in prison in the past."

The record reflects that the district court considered Cabrera's argument for a sentence of time served, but determined that a downward variance to 30-months was more appropriate.  That an appellate court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall v. United States*, 552 U.S. 38, 51 (2007). Cabrera's disagreement with the district court's assessment of his sentence is insufficient to show that his sentence is unreasonable or that the sentence imposed represents an abuse of the district court's sentencing discretion. *See United States v. Rowan*, 530 F.3d 379, 381 (5th Cir. 2008).  Accordingly, the judgment of the district court is AFFIRMED.