# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 2, 2010

No. 10-50004
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE MARIO MOYERS-SAENZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-1833-1

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:*

Jose Mario Moyers-Saenz (Moyers) pleaded guilty to illegally reentering the United States following deportation and was sentenced to a 46-month term of imprisonment. *See* 8 U.S.C. § 1326. Moyers contends that U.S.S.G. § 2L1.2 improperly results in the use of his prior drug trafficking conviction to determine both his offense level and his criminal history score, resulting in double counting. He contends further that the sentence imposed was greater than necessary, in light of the sentencing factors set forth in 18 U.S.C. § 3553(a), and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that it is therefore unreasonable. He maintains that his offense was at bottom merely an international trespass and that his sentence was too severe for the crime. Moyers also argues that the lack of an empirical basis for § 2L1.2 precludes an appellate presumption that his sentence is reasonable. Additionally, he contends that the lack of a fast track program in the Western District of Texas results in an unwarranted sentencing disparity and makes his sentence unreasonable.

Sentencing decisions are reviewed for abuse of discretion. *United States v. Rowan*, 530 F.3d 379, 381 (5th Cir. 2008). This review process is bifurcated. *Id.* at 381 (citing *Gall v. United States*, 552 U.S. 38, 49-51 (2008)). The appellate court must first ensure that the district court did not commit a significant procedural error. *Id.* "The District Court commits a procedural error if . . . it miscalculates or fails to calculate the proper Guidelines range [or] imposes a sentence based on clearly erroneous facts." *Id.; see United States v. Klein*, 543 F.3d 206, 213 (5th Cir. 2008) ("An error in applying the Guidelines is a significant procedural error that constitutes an abuse of discretion.") If the sentence is procedurally sound, the appellate court must consider the "substantive reasonableness" of the sentence under an abuse of discretion standard. *Rowan*, 530 F.3d at 381.

Because Moyers raises his double-counting claim for the first time on appeal, the claim is reviewed for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d. 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). "Double counting is impermissible only where the guidelines at issue prohibit it." *United States v. Gaytan*, 74 F.3d 545, 560 (5th Cir. 1996). The commentary to § 2L1.2 states that "[a] conviction taken into account under subsection (b)(1) is not excluded from consideration of whether that conviction receives criminal history points." § 2L1.2, comment. (n.6). We have upheld double counting under similar circumstances involving U.S.S.G. § 2K1.2. *See United States v. Hawkins*, 69 F.3d 11, 13-15 (5th Cir. 1995). It was not improper to use Moyers's drug

2

trafficking conviction to enhance his offense level and also to calculate his criminal history points.

Because the sentence is procedurally sound, we next consider whether it is substantively reasonable. *Gall*, 552 U.S. at 51. We conclude that Moyers's sentence is substantively reasonable also. The district court considered Moyers's arguments for a sentence below the range set by the Sentencing Guidelines but determined that a sentence at the low end of that range was appropriate. Because Moyers's sentence is "within a properly calculated Guideline range," it carries a presumption of reasonableness. *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *see also Rita v. United States*, 551 U.S. 338, 351 (2007) (upholding the use of such a presumption). Moyers advances no persuasive reason for questioning the application of the presumption of reasonableness that attaches to his within-guidelines sentence or for disturbing the district court's choice of sentence. *See Gall*, 552 U.S. at 51 (stating that "the fact that the appellate court might reasonably [conclude] that a different sentence [is] appropriate is insufficient to justify reversal of the district court").

Moyers concedes that precedent forecloses his argument that the lack of a fast-track program in the Western District of Texas makes his sentence unreasonable because it creates an unwarranted sentencing disparity. *See United States v. Gomez-Herrera*, 523 F.3d 554, 563 (5th Cir. 2008). Additionally, Moyers concedes that precedent forecloses his argument that the lack of an empirical basis for § 2L1.2 precludes an appellate presumption that his sentence is reasonable. *See Mondragon-Santiago*, 564 F.3d at 366-67. He raises the claims, however, to preserve them for future review.

AFFIRMED.