# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 13, 2010

No. 10-50256
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICTOR GRANADOS-LOPEZ, also known as Victor Granados,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-2980-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Victor Granados-Lopez (Granados), a citizen of Mexico, appeals the 30-month prison term imposed following his guilty plea conviction for illegal reentry into the United States subsequent to deportation. *See* 8 U.S.C. § 1326. We affirm.

Granados concedes that this court's precedent forecloses his argument that the lack of an empirical basis for U.S.S.G. § 2L1.2 precludes an appellate presumption that his sentence is reasonable. *See United States v. Duarte*, 569

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009).  However, he raises the issue to preserve it for review in the future.  Granados's remaining argument is that his sentence is unreasonable because it is longer than necessary to meet the sentencing factors and goals of 18 U.S.C. § 3553(a)(2).  He contends that these factors in particular made a below-guidelines sentence appropriate: his motive for returning to the United States, which was to see his family, was benign; the United States "has been his home for most of his life"; the sentence was greater than necessary to meet the goal of deterring crime and protecting the public, because in his view he is not a recidivist; the sentence was based on a criminal history score that overstated the seriousness of his criminal past; and the record does not show that the sentence was necessary to provide him with "correctional treatment."  He contends further that the presumption of reasonableness that attaches to his sentence is not binding.

Sentencing decisions are ordinarily reviewed for abuse of discretion. *United States v. Rowan*, 530 F.3d 379, 381 (5th Cir. 2008).  This review process is bifurcated. *Id.*  The appellate court must first ensure that the district court did not commit a significant procedural error. *Id.*  "The [d]istrict [c]ourt commits a procedural error if . . . it miscalculates or fails to calculate the proper Guidelines range; . . . [or it] imposes a sentence based on clearly erroneous facts." *Id.*  If the sentence is procedurally sound, the appellate court considers the substantive reasonableness of the sentence. *Id.*  Because Granados does not question its procedural soundness, the substantive reasonableness of his sentence is the only matter at issue.

Although he contended that a proper sentence would be one below the guidelines range, Granados did not give reasons—other than to invoke "all the factors in this case" and "all the factors mentioned in the PSR"—why that was so and did not specifically object to the sentence imposed. Moreover, because the arguments Granados presents in this court were not presented in the district court, review is for plain error. *See United States v. Mondragon-Santiago*, 564

F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009); *United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007).  To succeed on plain error review, Granados must demonstrate that the district court committed a clear or obvious error that affects his substantial rights.  *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009); *Mondragon-Santiago*, 564 F.3d. at 361.

"[A] sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).  Additionally, this court presumes that the § 3553(a) factors were considered by the district court when it selected a within-guidelines sentence for Granados.  *See United States v. Candia*, 454 F.3d 468, 473 (5th Cir. 2006).

Granados advances no persuasive reason for questioning the application of the presumption of reasonableness that attaches to his within-guidelines sentence or for disturbing the district court's choice of sentence.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  Consequently, Granados fails to show any error, much less plain error, in the district court's judgment.

AFFIRMED.