# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 4, 2011

No. 10-50086
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELADIO JAVIER CARPINTERO, also known as Elaine Castillo,
also known as E. C. Carpintero, also known as Eladio Carpinter,
also known as Javier Carpinter, also known as Eladio Castillo,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:09-CR-294-1

Before WIENER, PRADO and OWEN, Circuit Judges.

PER CURIAM:[*]

Eladio Javier Carpintero appeals the 65-month sentence he received following his guilty-plea conviction for mail fraud, in violation of 18 U.S.C. § 1341. The Government argues that the appeal is barred by the waiver of appeal provision in Carpintero's written plea agreement.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50086

This court reviews de novo whether a waiver provision bars an appeal. *United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002). The district court must personally address the defendant in open court, inform him of the terms of the appellate waiver, and determine that he understands the waiver. FED. R. CRIM. P. 11(b)(1)(N). In the instant case, the magistrate judge erroneously advised Carpintero at rearraignment that his waiver did not bar an appeal from a "totally unreasonable" sentence. This was an incorrect characterization of the appeal waiver and did not comply with Rule 11(b)(1)(N). The waiver was therefore unknowing and involuntary and does not apply to bar the instant appeal. *See United States v. Robinson*, 187 F.3d 516, 517-18 (5th Cir. 1999).

Consequently, we address the merits of Carpintero's argument that his sentence, which represented an upward variance from the guidelines range, is substantively unreasonable, reviewing the district court's sentencing decision under a highly deferential abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 50-51 (2007); *see also United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). This court also reviews whether the 18 U.S.C. § 3553(a) factors support the sentence and gives deference to the district court's determination that the § 3553(a) factors justify the variance. *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). "A sentence is unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007) (internal quotation marks and citation omitted).

Carpintero's argument that the sentence he received was unreasonable is conclusional and unsupported by any legal authority. He does not point to an overlooked sentencing factor, nor does he argue that the district court gave weight to an improper factor or incorrectly balanced the factors. *See id.* Moreover, the district court supported its sentencing determination with

2

reference to the § 3553(a) factors, specifically citing § 3553(a)(1), the nature and circumstances of the offense and Carpintero's history and characteristics, and § 3553(a)(2), the need to provide just punishment, adequate deterrence, and public protection from further crimes of Carpintero.

Carpintero's argument that his criminal history adequately reflected his criminal past misrepresents the court's reasoning. The court did not rely on the inadequacy of his criminal history score but on the similarity of his prior criminal convictions to show that he had three times impersonated an immigration official with the intent to defraud, a pattern which demonstrates his likelihood to recidivate. This fact, in combination with the facts that Carpintero's prior lenient sentence had not deterred him and that his criminal conduct was escalating, as evidenced by the large number of victims in this case, were proper factors on which to base an upward variance. *See* §§ 3553(a)(1) and (2). Carpintero's mere disagreement with the sentence he received is insufficient to show that his sentence is unreasonable or that the district court abused its sentencing discretion. *See Gall*, 552 U.S. at 597; *see also United States v. Rowan*, 530 F.3d 379, 380 (5th Cir. 2008).

The district court's judgment is AFFIRMED.