# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 17, 2012

Lyle W. Cayce
Clerk

No. 12-50234
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

FABRIENNE ROSALINDA MORALES,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-2461-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Fabrienne Rosalinda Morales appeals the concurrent 24-month sentences imposed on her guilty plea convictions for conspiring to import a controlled substance, importing a controlled substance, conspiring to possess with intent to distribute a controlled substance, and possessing with intent to distribute a controlled substance. *See* 21 U.S.C. §§ 963, 960, 952, 846, 841. Morales contends that she was entitled to a two-level reduction of her base offense level under U.S.S.G. § 2D1.1(b)(15) because her participation in her offenses was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motivated by the intimate relationship she had with her life-long friend and co-defendant, Herlinda Gamez-Amador ("Gamez").

We review sentencing decisions for abuse of discretion. *United States v. Rowan*, 530 F.3d 379, 381 (5th Cir. 2008). This review process requires that we first ensure that the district court did not commit a significant procedural error; if no such error is found, we then review the sentence for substantive reasonableness. *Id.* In the instant case, no contention is made that the sentences are substantively unreasonable.

We do not analyze Morales's arguments concerning the proper interpretation of § 2D1.1(b)(15) and the factual issue whether her relationship with Gamez was intimate. As the party seeking a reduction under § 2D1.1(b)(15), Morales had the burden of proving the facts supporting her entitlement. *See United States v. Flanagan*, 80 F.3d 143, 146 (5th Cir. 1996). Section 2D1.1(b)(15) provides that if the defendant receives the four-level reduction under U.S.S.G. § 3B1.2(a) for being a minimal participant, as Morales did, the offense level may be reduced two levels more if "all of the following factors" exist: (1) she "was motivated by an intimate or familial relationship or by threats or fear to commit the offense and was otherwise unlikely to commit such an offense"; (2) she "received no monetary compensation from the illegal purchase, sale, transport, or storage of controlled substances"; and (3) she "had minimal knowledge of the scope and structure of the enterprise." Thus, to comport with § 2D1.1(b)(15), Morales had to present, *inter alia*, evidence preponderating in favor of a finding that she received no monetary compensation for participating in the offenses. *See Flanagan*, 80 F.3d at 146.

Morales did not testify concerning whether she received monetary compensation and did not present other evidence on this point. Although her counsel argued that monetary compensation was never expected, we do not accept counsel's argument as evidence. *See United States v. Alfaro*, 919 F.2d 962, 966 (5th Cir. 1990). Moreover, the fact that compensation was unexpected

does not mean that it was never received.  Morales's assertion that the record is devoid of evidence that she was compensated is unavailing, as the Government did not have the burden of proof on the issue.  *See Flanagan*, 80 F.3d at 146.

AFFIRMED.