IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 29, 2008

Charles R. Fulbruge III
Clerk

No. 07-20842
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARIO ANTONIO CASTILLO

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-72-ALL

Before JONES, Chief Judge, and STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Mario Antonio Castillo appeals the 57-month sentence he received as a result of a guilty plea conviction for illegal reentry following a deportation occurring subsequent to an aggravated felony. Castillo contends that his sentence is cruel and unusual and grossly disproportionate to his offense, in light of the age of his prior conviction and his relatively law-abiding behavior upon his return to the United States. Because Castillo did not object to his sentence or the applicable guideline range on Eighth Amendment grounds, we review for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plain error. See United States v. Martinez, 496 F.3d 387, 389 (5th Cir.), cert. denied, 128 S. Ct. 728 (2007). Castillo has not established that his 57-month sentence, within the applicable guideline range, was disproportionately harsh. See Rummel v. Estelle, 445 U.S. 263, 284-85 (1980); United States v. Cardenas-Alvarez, 987 F.2d 1129, 1134 (5th Cir. 1993).

Castillo contends that requiring a party to show extraordinary circumstances before imposing a sentence outside the applicable guideline range reinstates the mandatory guideline scheme invalidated in United States v. Booker, 543 U.S. 220 (2005). We review this claim for plain error because Castillo did not raise it below. See United States v. Campos-Maldonado, 531 F.3d 337, 339 (5th Cir. 2008). Nothing in the record reflects that the district court felt constrained by this court's precedent prior to Gall v. United States, 128 S. Ct. 586 (2007), to impose a guideline sentence, and Castillo thus has not shown reversible plain error. See id. To the extent that Castillo is arguing that his sentence is substantively unreasonable, his sentence at the bottom of the applicable guideline range is presumptively reasonable and should be upheld. See Gall, 128 S. Ct. at 597; Rita v. United States, 127 S. Ct. 2456, 2468 (2007); United States v. Rowan, 530 F.3d 379, 381 (5th Cir. 2008).

Castillo also contends that his sentence violates the Equal Protection Clause because his high total offense level results in the same sentence as imposed on individuals with higher criminal history categories and because he has received a higher sentence than an individual who illegally reenters the United States but does not have a prior aggravated felony. He has not established that "other persons similarly situated as is the claimant unfairly enjoy benefits that he does not or escape burdens to which he is subjected." United States v. Cronn, 717 F.2d 164, 169 (5th Cir. 1983); see also Cardenas-Alvarez, 987 F.3d at 1134. The judgment of the district court is thus AFFIRMED.