# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-20733
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 6, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ELVIS MARINO MOSQUERA-VALOIS, also known as Jose Luis Vasquez, also known as Wilbert Rodriguez Sejuelas, also known as Wilbert R. Sejuelas, also known as Elvis Marino Mosquera, also known as Wilbert Rodriguez-Sejuelas, also known as Jose L. Vasquez, also known as Elmer A. Alverez,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CR-268-1

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Elvis Marino Mosquera-Valois challenges the sentence of 70-months' imprisonment imposed following his guilty-plea conviction for illegal reentry into the United States after deportation, following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). He contends

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

the district court violated his Fifth and Eighth Amendment rights and imposed a substantively unreasonable sentence by applying a 16-level enhancement, pursuant to Sentencing Guideline § 2L1.2(b)(1)(A)(i) ("If the defendant previously was deported, or unlawfully remained in the United States, after . . . a drug trafficking offense for which the sentence imposed exceeded 13 months; . . . increase by 16 levels . . . .").

Although post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Because Mosquera did not raise these issues in district court, review is only for plain error. *E.g., United States v. Moreno-Florean*, 542 F.3d 445, 448 (5th Cir. 2008). Under that standard, Mosquera must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.* For each issue, he fails to show a clear or obvious error.

The Eighth Amendment precludes the imposition of sentences that are greatly disproportionate to the offenses because such sentences are cruel and unusual. *E.g., United States v. Thomas*, 627 F.3d 146, 160 (5th Cir. 2010) (citation and quotation marks omitted). In deciding whether a sentence is unconstitutionally disproportionate, our court "makes a threshold comparison

of the gravity of the offense against the severity of the sentence". *Id.* (citation omitted). Unless the threshold comparison leads to an inference of gross disproportionality, our court will not inquire further. *E.g., McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992). As a general matter, the Guidelines are a "convincing objective indicator of proportionality". *United States v. Cardenas-Alvarez*, 987 F.2d 1129, 1134 (5th Cir. 1993) (citation and internal quotation marks omitted).

Mosquera's sentence is within his advisory Guidelines-sentencing range. Because he has not otherwise demonstrated a gross disproportionality between the sentence and his offense, he has failed to show a clear or obvious Eighth Amendment error. *E.g., id.*; *United States v. Castillo*, 294 F. App'x 855, 856 (5th Cir. 2008) (citations omitted).

As for his Fifth Amendment due-process claim, Mosquera challenges the court's application of the 16-level enhancement without a hearing to ascertain the particular facts of the prior offense on which the enhancement was based. Because the court applied the enhancement consistently with *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013), by basing the analysis on the elements of the offense, rather than the underlying facts, Mosquera fails to show a clear or obvious error affecting his substantial rights under the Fifth Amendment. *E.g., United States v. Teran-Salas*, 767 F.3d 453, 458–59 (5th Cir. 2014), *petition for cert. filed* (15 Dec. 2014) (No. 14-7593).

Mosquera also contends his sentence is substantively unreasonable, claiming the 16-level enhancement is inconsistent with the policies underlying 18 U.S.C. § 3553(a) (sentencing factors). Because Mosquera's sentence was within the advisory Guidelines-sentencing range, the sentence is presumptively reasonable. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). At sentencing, the court considered Mosquera's objections to the

No. 13-20733

Guideline-sentencing-range calculations in the presentence investigation report, his request for a downward departure based on cultural assimilation, and his allocution. Mosquera has not shown the district court failed to account for a relevant factor, weighted too heavily an improper factor, or clearly erred in weighing the various factors in setting the sentence. *E.g., id.* His claim thus amounts to a disagreement with his sentence. Moreover, as noted, a presumption of reasonableness applies to his sentence. As with his other two issues, he fails to show a clear or obvious error.

AFFIRMED.