# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 29, 2011

Lyle W. Cayce
Clerk

No. 11-50184
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE NAHUM RIVAS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-1606-1

Before WIENER, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jose Nahum Rivas pleaded guilty to one count of illegal re-entry after deportation and was sentenced to 51 months in prison. His sentence was increased based on an incident that resulted in convictions under Washington law for third-degree assault and "Felony Harassment – Domestic Violence." Rivas contends that neither of the Washington offenses was a crime of violence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50184

Because Rivas raises the claims for the first time on appeal, we review only for plain error. *See United States v. Ramirez*, 557 F.3d 200, 205 (5th Cir. 2009). To prevail, Rivas must show an error that is "clear and obvious, rather than subject to reasonable debate." *Puckett v. United States*, 556 U.S. 129, 129 S. Ct. 1423, 1429 (2009); *United States v. Ellis*, 564 F.3d 370, 377-78 (5th Cir. 2009). He also must show that the error affected his substantial rights. *Puckett*, 129 S. Ct. at 1429. If he makes these showings, we have the discretion to correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 1429 (internal quotation marks, alteration, and citation omitted).

The relevant definition of "crime of violence" in this case is the residual definition of U.S.S.G. § 2L1.2, comment. (n.(1)(B)(iii)), which is an "offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." As this residual definition is indistinguishable from the "has as an element" residual definitions set forth in § 4B1.2(a)(1) and 18 U.S.C. § 16(a), we may rely on authorities discussing those definitions. Under the residual definition of crime of violence, "the use of physical force must be a fact that is necessary for the prosecution to secure a conviction." *United States v. Velasco*, 465 F.3d 633, 638 (5th Cir. 2006). "[T]he phrase 'physical force' means *violent* force – that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 130 S. Ct. 1265, 1271 (2010) (discussing the catch-all definition found in 18 U.S.C. § 16(a)).

Rivas contends, and the government concedes, that the third-degree assault conviction under WASH. REV. CODE § 9A.36.031(1)(f) was not a crime of violence because it required only "criminal negligence." *Cf. Leocal v. Ashcroft*, 543 U.S. 1, 9-10 (2004) (holding that negligence does not satisfy the physical force requirement for a crime of violence under 18 U.S.C. § 16). We need not decide this issue however, because we affirm on the ground that the district

court did not commit plain error by treating Rivas's alternate conviction for harassment under WASH. REV. CODE § 9A.46.020(1) as a crime of violence.

Section 9A.46.020(1) provides that a person commits harassment if he knowingly *threatens* either to cause bodily injury, to cause physical damage to property, to subject a person "to physical confinement or restraint; or . . .[m]aliciously to do any other act which is intended to substantially harm the person threatened or another with respect to his or her physical or mental health or safety; and [that he] places the person threatened in reasonable fear that the threat will be carried out." § 9A.46.020(1). Rivas argues only that "bodily injury" is not an element of violent force and thus does not render a violation a crime of violence. He relies on *United States v. Villegas-Hernandez*, 468 F.3d 874, 879 (5th Cir. 2006), in which we held that a Texas statute penalizing the infliction of bodily harm did not have as an element the requisite use of violent force required to render it a crime of violence. *Villegas-Hernandez*, however, did not concern a threat of harm accompanied by placing the victim in a reasonable fear of harm. *See Villegas-Hernandez*, 468 F.3d at 878.

The government asserts that only a threat of violent force would satisfy the Washington statute's requirement that the victim be placed in a reasonable fear of harm and, accordingly, that a threat of violent force is an implicit but necessary element of the Washington harassment crime. There is support for the government's position. In *United States v. Mohr*, 554 F.3d 604, 610 (5th Cir. 2009), we decided that a South Carolina stalking offense was a crime of violence. The stalking statute did not explicitly require the use of force but defined stalking as "a pattern of words . . . or a pattern of conduct that . . . is intended to cause and does cause a targeted person and would cause a reasonable person in the targeted person's position to fear" death, assault, bodily injury, criminal sexual contact, kidnaping, or property damage. *See id.* at 608 (quoting former S.C. CODE ANN. § 16-3-1700(B)(2002), now S.C. CODE ANN. § 16-3-1700(C)(2005)). We reasoned that "words or conduct that are intended to cause and do cause

reasonable fear of death, assault, injury etc., pose at least as much risk of physical injury as the 'threatened use of force' [that] automatically qualifies the offense as a crime of violence." *Id.* In an analogous context, the Eleventh Circuit explicitly embraced the reasoning put forth by the government, finding it "inconceivable that any act which causes the victim to fear death or great bodily harm would not involve the use or threatened use of physical force." *United States v. Lockley*, 632 F.3d 1238, 1245 (11th Cir. 2011).

As this appeal involves only plain-error review, we are not required to decide conclusively whether the Washington harassment offense is a crime of violence under the residual definition. This is because the government's argument and our examination of the law reveal that Rivas's claim is at least "subject to reasonable debate." As such, he has not shown an error that is clear or obvious. *See Puckett*, 129 S. Ct. at 1429; *Ellis*, 564 F.3d at 377-78. As Rivas has not shown plain error, the judgment of the district court is AFFIRMED.