# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-11275
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 11, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LESLIE JOSEPH HOFMAN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-104

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Leslie Joseph Hofman appeals his 148-month above-guidelines sentence for possession of methamphetamine with intent to distribute. Hofman contends that the district court committed procedural error by failing to adequately explain its reasons for imposing a sentence 23 months above the top of the advisory guidelines range. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-11275

Because Hofman did not object to the purported inadequacy of the district court's explanation, we review the district court's sentencing determination for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009); *Puckett v. United States*, 556 U.S. 129, 135 (2009). A district court commits clear procedural error when it "fail[s] to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentencing court's explanation is adequate if it "set[s] forth enough to satisfy the appellate court that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

Our review of the record satisfies us that the district court adequately explained its decision to impose a 148-month sentence in this case. The district court expressly adopted the findings and conclusions in Hofman's presentence report (PSR), which stated that an upward variance from the advisory guidelines maximum of 125 months might be warranted based on Hofman's decades-long criminal history. The PSR further described Hofman's commission of an exceedingly brutal, albeit unprosecuted, physical assault upon his wife immediately preceding his arrest on federal charges, which was not fully taken into consideration in determining the guidelines range. Citing those reasons, and after considering mitigation arguments by Hofman and his counsel, the district court determined that a sentence less than 148 months would not adequately address the fair sentencing factors of 18 U.S.C. § 3553(a).

We have held that a district court's references to the contents of the PSR and the defendant's mitigation arguments in imposing an above-guidelines sentence "provide the background to clarify the 'factors' considered by the district court in determining the chosen sentence and provide adequate

reasons for that decision." *United States v. Bonilla*, 524 F.3d 647, 657-59 (5th Cir. 2008) (quote at 658); *see, e.g., United States v. Fraga*, 704 F.3d 432, 438-39 (5th Cir. 2013). We conclude that the district court in this case "adequately explain[ed] the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall*, 552 U.S. at 50. Therefore, Hofman fails to show that the district court committed clear or obvious error in relation to its explanation of reasons for imposing a 148-month sentence. *See Puckett*, 556 U.S. at 135.

AFFIRMED.