# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10119
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 3, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DARIUS DEWAYNE STEVENSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-191

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Darius Dewayne Stevenson pleaded guilty to being a felon in possession of a firearm and was sentenced above the advisory guidelines range to 48 months of imprisonment and a three-year term of supervised release. He now appeals, arguing that the district court offered insufficient explanations for the inadequacy of the guidelines range and the extent of the upward variance.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10119

We review sentences for reasonableness by engaging in a bifurcated review. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). We must ensure that the sentencing court committed no significant procedural error  such as improperly calculating the guidelines range and failing to adequately explain the reasons for the chosen sentence, including an explanation for any variance from the advisory guidelines range. *Id.* at 51. In evaluating whether a district court committed a procedural error in the sentencing determination, we employ a de novo standard of review. *United States v. Garcia Mendoza*, 587 F.3d 682, 688 (5th Cir. 2009). A district court procedurally errs where it fails to explain sufficiently the sentence, including "any deviation from the Guidelines range." *Gall*, 552 U.S. at 51. "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). In the case of a sentence outside the guidelines range, the sentencing judge should "carefully articulate the reasons" for finding the sentence imposed to be proper based on the facts of the case. *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). Where the record reflects that the sentencing judge heard the parties' arguments and gave the defendant and his counsel the chance to speak and offer mitigating evidence before finding that a variance was justified based on the 18 U.S.C. § 3553(a) factors, no further explanation is required. *See United States v. Fraga*, 704 F.3d 432, 439 (5th Cir. 2013).

First, Stevenson avers that the district court insufficiently explained the inadequacy of the guidelines range. At sentencing, the district court adopted the factual findings of the presentence report and its addendum and permitted defense counsel to present an argument against the variance. After hearing these arguments and Stevenson's apology for his actions, the district court conducted a thorough review of Stevenson's criminal history, including his

No. 15-10119

arrests and convictions for controlled substances violations, trespass, unlawful carrying of a weapon, robbery, and attempt to hinder apprehension or prosecution of a known felon. The district court also cited several instances in which Stevenson was uncooperative and violent during police encounters. It stated an overarching concern over Stevenson's disturbing pattern of behavior, including a statement to police in which he promised to seek revenge on the family members of any person who would shoot him. After specifically listing most of the statutory sentencing factors, the district court expressly stated its view that an above-guidelines sentence was necessary to satisfy the goals of § 3553(a). Given that it heard the parties' arguments, permitted Stevenson and his counsel to present mitigating evidence, and carefully articulated its reasons for the upward variance based on the § 3553(a) factors, the district court was not required to offer additional explanation for the sentence. *See Fraga*, 704 F.3d at 439; *Mares*, 402 F.3d at 519.

Second, Stevenson contends that the district court offered inadequate reasons for the degree of the variance. To the extent that Stevenson is arguing that the district court was required to follow the paradigm for departures set forth in U.S.S.G. § 4A1.3, his assertion is without merit. Because the district court imposed a variance rather than a departure based on the inadequacy of Stevenson's criminal history category, the incremental methodology set out in § 4A1.3 is not applicable. *See United States v. Mejia-Huerta*, 480 F.3d 713, 723 (5th Cir. 2007). In addition, Stevenson has not shown that the lack of any sentencing recommendations by the presentence report or the Government as to the extent of the variance affects our ability to engage in a meaningful review of the sentence. As discussed above, the district court carefully reviewed Stevenson's criminal history and expressed its concern over his dangerous and disturbing patterns of behavior, thereby providing this court an

No. 15-10119

ample record on which to review the context and procedural reasonableness of Stevenson's sentence. *See Rita*, 551 U.S. at 356.

Moreover, we have upheld upward variances or departures of similar or greater magnitudes than the variance in this case. *See United States v. Gutierrez*, 635 F.3d 148, 155 n.34 (5th Cir. 2011) (collecting cases); *United States v. Smith*, 440 F.3d 704, 709-10 & n.5 (5th Cir. 2006) (upholding 60-month sentence as reasonable variance from guidelines range of 21 to 27 months). Given Stevenson's opportunity to argue against the variance and the district court's thorough articulation of its reasons for imposing it, Stevenson has not demonstrated any procedural error by the district court related to its explanation for the upward variance. *See Fraga*, 704 F.3d at 439. Even if the district court should have offered additional reasons for the variance, any error was harmless. *See United States v. Delgado-Martinez*, 564 F.3d 750, 753 (5th Cir. 2009). The judgment of the district court should is AFFIRMED.

4