# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 2, 2024

Lyle W. Cayce
Clerk

No. 23-30096

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Rhobashi Holmes,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CR-52-1

_____

Before Smith, Engelhardt, and Ramirez, *Circuit Judges*.
Per Curiam:[*]

Rhobashi Holmes, a member of the 117/917 gang in New Orleans, was arrested and charged as a felon in possession of a firearm for his part in an ongoing violent feud with the 0017 gang, another New Orleans gang. Holmes received a 120-month sentence in prison as part of an upward variance based on his violent criminal history, gang affiliation, and the role he played in the

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

aftermath of a day of intense violence that resulted in multiple homicides in 2020.

Holmes's primary arguments against this variance concern the procedural and substantive reasonableness of his sentence, claiming that the District Court did not sufficiently articulate the reasons behind it. But the District Court gave many reasons for its sentence, gave the parties ample opportunity to be heard, and considered reams of evidence and testimony before rendering its sentence. It committed no clear or obvious error in doing so.

Holmes also submitted plain error arguments concerning whether the charge under § 922(g)(1), a firearms statute, is constitutional under the Commerce Clause and Second Amendment. He rightly concedes that his Commerce Clause argument is foreclosed. As for his Second Amendment argument, Holmes asks us to extend *Bruen*, but that cannot be done in the plain error context because "arguments that require the extension of existing precedent cannot meet the plain error standard." *United States v. Jones*, 88 F.4th 571, 574 (5th Cir. 2023) (collecting cases rejecting plain error extension of *Bruen* to § 922(g)(1)). We AFFIRM.

No. 23-30096

## I. Background

This case stems from an ongoing, two-year violent feud between two New Orleanian gangs: the 117/917 gang from Pigeon Town and the 0017 gang from Hollygrove. Holmes was part of the 117/917 gang alongside Darius Williams, Markie Swearington, and others. The gang would communicate with one another on Instagram, often using profiles incorporating the number 117 in their username. For example, Holmes messaged Williams over Instagram using his 117 account to tell him that he had been shot at while at a barbershop in Mid-City. Another Instagram conversation saw the two agree that they could only trust someone who was in a gang for at least ten years, if not more. And only days after being arrested for being a felon in possession of a firearm in July 2020, Holmes used Instagram to ask Swearington for a gun.

Holmes's arrest stems from the violent events of October 24, 2020. That day began with a homicide in Gert Town, followed by a shooting for which Williams was arrested near Olive and General Ogden streets, which happened around the same time another shooting occurred near a home on Green Street associated with 117/917 gang activity (the "Green Street" house). The day ended with a 117/917 member, Shawn Ballard, being killed.

State and federal law enforcement went to the Green Street house a week later to arrest several individuals with outstanding warrants believed to be there, including Holmes and Williams. Video surveillance showed the two walking in and around the Green Street house with firearms. Williams exited with a gun, wearing a black hoodie and mask over his face, then walked to the corner of Green and Monroe Street to stand lookout. Holmes wore a red hoodie and posted up at the rear of the Green Street house, also holding a gun. The two eventually met up in the Green Street house's backyard.

Law enforcement moved in, and Holmes attempted to flee by climbing a roof. That didn't work. Holmes was arrested, and officers later found his firearm and associated magazines.

Holmes pled guilty, without a plea agreement, to two felon-in-possession charges under 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The presentence report ("PSR") recommended a Guidelines range of 57 to 71 months' imprisonment but was later amended, reducing his Guidelines range to 46 to 57 months.

Unsatisfied, the government moved for an upward variance based on Holmes's street gang participation, arguing that Holmes's criminal history was underrepresented and that his firearm possession was more serious than the usual case. The government asserted that: (1) Holmes routinely carried weapons, (2) he belonged to a gang, (3) he participated in multiple shootings, (4) no Guidelines enhancements account for these facts, and (5) a lenient sentence would not deter him or other violent gang members. Holmes moved for a downward departure in response. He argued that the Guidelines range was excessive and that he had not possessed a semi-automatic firearm capable of accepting a "large-capacity" magazine.

The District Court held an evidentiary hearing, explaining that that the hearing's purpose was to consider (1) Holmes's objection to a Guidelines enhancement for possession of a semi-automatic firearm capable of accepting a "large-capacity" magazine and (2) evidence in support of the government's motion for an upward departure or variance. During the hearing, the government primarily presented evidence and testimony from a task force officer of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") about Holmes's involvement in a New Orleans street gang. After the continued hearing concluded, the District Court overruled Holmes's

Guidelines objection and stated that "the issue of [Holmes's] gang affiliation" would be addressed at the sentencing hearing.

At sentencing, the District Court adopted the PSR and recited the Guidelines calculations alongside the applicable sentencing ranges. It then heard arguments on the motions for upward and downward departures or variances. It found that, after considering the 18 U.S.C. § 3553(a) sentencing factors, an upward variance was warranted. Specifically, it noted that a sentencing court may "consider associations and beliefs . . . [where these] are sufficiently related to the issues at sentencing and indicate a likelihood that the defendant will engage in future criminal conduct."

The District Court also stated that "the nature of the offense and the history and characteristics of the defendant show that the defendant is a danger to society." It concluded that, "in light of the relevant facts and circumstances and the history and characteristics of the defendant," an upward variance was necessary "to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public from future crimes of the defendant." Finally, the District Court denied both the government's motions for an upward departure and consecutive sentences as moot as well as Holmes's motion for a downward departure or variance.

Holmes was sentenced to concurrent terms of 120 months of imprisonment and three years of supervised release on each count. He filed an untimely notice of appeal, challenging his sentence's substantive and procedural reasonableness alongside Commerce Clause and Second Amendment challenges to his underlying convictions. However, the government elected not to seek enforcement of the limitations period. *See United States v. Martinez,* 496 F.3d 387, 388–89 (5th Cir. 2007).

No. 23-30096

## II. Standard of Review

Plain-error review involves four prongs, each of which must be satisfied before the Court may intervene: (1) "there must be an error or defect . . . that has not been intentionally relinquished or abandoned"; (2) "the legal error must be clear or obvious, rather than subject to reasonable dispute"; (3) "the error must have affected the appellant's substantial rights"; and (4) "if the above three prongs are satisfied, the court of appeals has the *discretion* to remedy the error — discretion which ought to be exercised only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (citations and internal quotations omitted) (alterations and emphasis in original).

"Relief under the plain-error standard 'will be difficult to get, as it should be.'" *United States v. Figueroa-Coello*, 920 F.3d 260, 264 (5th Cir. 2019) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 n.9 (2004)). "The focus of plain error review should be 'whether the severity of the error's harm demands reversal,' and not 'whether the district court's action deserves rebuke.'" *United States v. Escalante-Reyes*, 689 F.3d 415, 423 (5th Cir. 2012) (en banc) (alterations and quotation omitted).

No. 23-30096

## III. Discussion

**A. Holmes's Sentence was Procedurally and Substantively Reasonable.**

"This Court reviews sentencing decisions for reasonableness." *United States v. Nguyen*, 854 F.3d 276, 280 (5th Cir. 2017) (citing *Gall v. United States*, 552 U.S. 38, 46 (2007)). "This review process is bifurcated." *United States v. Kenny*, 304 F. App'x 307, 308 (5th Cir. 2008) (citing *United States v. Rowan*, 530 F.3d 379, 381 (5th Cir. 2008)). The panel must first determine whether the District Court committed a significant procedural error. *Id.* If the sentence is procedurally sound, the panel then considers the substantive reasonableness of the sentence. *Id.* "In applying this two-step review, this Court reviews the sentencing court's interpretation or application of the Sentencing Guidelines *de novo*, and its factual findings for clear error." *United States v. Robinson*, 741 F.3d 588, 598–99 (5th Cir. 2014).

As Holmes concedes, plain error review applies to his procedural reasonableness challenge. Plain error review also applies to his substantive reasonableness challenge because the objections made to his upward variance in the District Court do not address that which he argues in his appellate brief. *See, e.g., United States v. Zarco-Beiza*, 24 F.4th 477, 480–82 (5th Cir. 2022) (applying plain error review to substantive reasonableness of upward-variance sentence where, despite defendant's objecting to upward departure and request for a downward variance, "neither the written objections nor the arguments and objections made at the sentencing hearing could have reasonably 'informed the court of the legal error at issue'—*i.e.*, improper reliance on a bare arrest record").[1]

---

[1] Holmes argues that abuse of discretion applies, disagreeing with the government's characterization of error preservation. Plain error applies for the reasons

Holmes stumbles at the second plain-error prong for both procedural and substantive reasonableness, as no clear or obvious errors present themselves on this record. At worst, there may be some "reasonable debate" to be had about the District Court's sentencing, which is not enough to clear the plain error bar. *Puckett*, 556 U.S. at 135. We AFFIRM.

*1. We assume* arguendo *that substantive and procedural error occurred.*

To succeed on the first prong Holmes must show "an error that has not been intentionally relinquished or abandoned." *United States v. Mims*, 992 F.3d 406, 409 (5th Cir. 2021) (quoting *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016)). Holmes claims that the District Court procedurally erred by failing to provide defendant-specific reasons for his sentence and to adequately explain his upward variance. He also claims that the District Court substantively erred, challenging the reliability and proof of the evidence submitted to support an upward variance.

Here, under plain-error review, we are not required to definitively conclude an error occurred. Instead, we can assume as much and address whether the alleged error was clear or obvious in the second prong of the plain-error inquiry. *See, e.g., United States v. Alvarado-Martinez*, 713 F. App'x 259, 265–66 (5th Cir. 2017) (assuming, without deciding, that error occurred and addressing why the error was not plain); *United States v. Rivas*, 455 F. App'x 531, 533 (5th Cir. 2011) ("As this appeal involves only plain-error review, we are not required to decide conclusively whether the . . . offense is a crime of violence under the residual definition. This is because . . . Rivas's claim is at least 'subject to reasonable debate.' As such, he has not shown an error that is clear or obvious.") (citation omitted). We assume *arguendo* that

_____

noted above, but even under an abuse of discretion analysis, the District Court's sentencing decision passes muster. *See infra* n.2.

8

the District Court erred—meaning that Holmes satisfied the first prong—and continue with the analysis.

> *2. The assumed procedural sentencing error is neither clear nor obvious because the District Court provided sufficient explanation for Holmes's sentence.*

"A district court commits clear procedural error when it fails to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *United States v. Hofman*, 615 F. App'x 234, 235 (5th Cir. 2015) (citing *Gall*, 552 U.S. at 51) (quotation marks and brackets omitted). Sentences varying from the Guidelines require more thoroughly articulated reasons than within-Guidelines sentences. *United States v. Pillault*, 783 F.3d 282, 289 (5th Cir. 2015). That said, "[w]hile these reasons should be fact-specific and consistent with the sentencing factors enumerated in section 3553(a), the district court does not need to engage in robotic incantations that each statutory factor has been considered." *Id.* (quotation marks omitted). "A sentencing court's explanation is adequate if it sets forth enough to satisfy the appellate court that the district court has considered the parties' arguments and has a reasoned basis for exercising its own legal decision making authority." *Hofman*, 615 F. App'x at 235. Overall, "[w]here the record reflects that the sentencing judge heard the parties' arguments and gave the defendant and his counsel the chance to speak and offer mitigating evidence before finding that a variance was justified based on the 18 U.S.C. § 3553(a) factors, no further explanation is required." *United States v. Stevenson*, 632 F. App'x 172, 173 (5th Cir. 2015) (citing *United States v. Fraga*, 704 F.3d 432, 439 (5th Cir. 2013)).

Here, the District Court's explanation for the upward variance was adequate, and it permitted "the defendant and his counsel the chance to speak and offer mitigating evidence before finding that a variance was

justified[.]" *Id*. The District Court considered many things in making its sentencing determination, including:

- The factual basis for Holmes's guilty plea;
- Holmes's PSR, which documented his criminal history;
- Briefing from the parties on dueling motions for upward and downward variances;
- ATF Agent Swalm's testimony, explaining the gang feud, his familiarity with Holmes as a gang member for over a decade, and Holmes's connection to the 117/917 Gang and Green Street residence;
- Holmes's Instagram messages to other gang members requesting a firearm only days after being arrested and charged as a felon in possession; and
- Surveillance video showing Holmes carrying a firearm outside of the Green Street residence.

The District Court provided an explanation, both written and verbal, for Holmes's sentence: that his record and gang affiliation, as well as the circumstances surrounding the crimes in question, demonstrated that Holmes was "a continued danger to society" and presented a "likelihood that [he] would engage in future criminal conduct." And "[t]he record makes clear that the sentencing judge listened to each argument." *Rita v. United States*, 551 U.S. 338, 358 (2007).

While Holmes may have wanted even more to be said at his sentencing hearing, our precedent demonstrates that the District Court said enough. "[E]rror does not necessarily result when the district court's reasons, as in this case, are not clearly listed for our review." *See Fraga*, 704 F.3d at 439 (quotation marks and brackets omitted). Like *Fraga*, "[t]his is not a case where the sentencing judge did not mention any § 3553 factors at all and did not give any reasons for its sentence beyond a bare recitation of the Guidelines' calculation." *See id*. As noted above, the record demonstrates that the District Court considered all evidence before it when sentencing

Holmes. Because it provided an explanation for its decision to sentence Holmes and gave each party a fulsome opportunity to be heard before determining a variance was warranted based on the sentencing factors, "no further explanation [wa]s required." *Stevenson*, 632 F. App'x at 173. At worst, whether the District Court's reasons were procedurally reasonable is "subject to reasonable dispute," which means that there is not enough to find clear or obvious error here. *Puckett*, 556 U.S. at 135.

### 3. The assumed substantive sentencing error is neither clear nor obvious.

"To determine whether a sentence is substantively reasonable, a district court should consider 'the totality of the circumstances, including the extent of any variance from the Guidelines range.'" *United States v. Hudgens*, 4 F.4th 352, 358 (5th Cir. 2021) (citing *Gall*, 552 U.S. at 51). "A non-Guidelines sentence unreasonably fails to reflect the statutory sentencing factors set forth in § 3553(a) where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015). This Court's review for substantive reasonableness is "highly deferential, because the sentencing court is in a better position to find facts and judge their import under the § 3553(a) factors with respect to a particular defendant." *Id.* (quotation marks omitted). A significant variance is not an abuse of discretion if it is commensurate with the individualized, case-specific reasons provided by the district court. *Id.* For non-Guidelines sentences (like what Holmes received), this Court considers the extent of deviation but gives meaningful deference to the District Court's determination that the sentencing factors, on the whole, justify the variance. *See Rowan*, 530 F.3d at 381 (citing *Gall*, 552 U.S. at 51). Overall, even if one "might reasonably have concluded that a different sentence was appropriate,

[this] is insufficient to justify reversal of the district court." *Id.* (brackets original).

Holmes's substantive reasonableness argument merely repackages his procedural reasonableness argument, largely reiterating his complaint that the District Court did not consider and articulate sufficient reasons to vary as it did. But as discussed above, the District Court considered the parties' variance memoranda, presided over an evidentiary hearing, held two arguments concerning the variance, and noted that the sentencing factors supported an upward variance. And, when considering Guidelines enhancements, "a district court may consider any information which bears sufficient indicia of reliability to support its probable accuracy." *United States v. Zuniga*, 720 F.3d 587, 590–91 (5th Cir. 2013) (quotation marks omitted).

The totality of the evidence before the District Court, including Holmes's factual basis, violent criminal history, PSR, and evidence submitted during the evidentiary hearing, all supported its weighing of the sentencing factors, and its verbal and written reasons disprove Holmes's allegation that it merely gave generic conclusions and a bare recitation of the factors. That Holmes disagrees with how the District Court weighed the evidence and sentencing factors is not reversible, much less clear, error. *See United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016) (argument that § 3553(a) factors should have been weighed differently is not sufficient ground for reversal).

Indeed, Holmes's sentence is half of the maximum he was eligible for (120 months versus 240 months for two counts of being a felon in possession of a firearm, *see* 18 U.S.C. §924(a)(2)) and we have affirmed much greater upward variances than imposed here. *See Hudgens*, 4 F.4th at 359 (collecting cases). At worst, whether the District Court's sentencing decision was substantively reasonable is "subject to reasonable dispute," which means

that there is not enough to find clear or obvious error here. *Puckett*, 556 U.S. at 135.[2]

## B. Holmes concedes that his Commerce Clause argument is foreclosed, and his Second Amendment challenge fails plain error review because it requires extending precedent.

As Holmes concedes, his Commerce Clause challenge is foreclosed. *See, e.g.*, *United States v. Seekins*, No. 21-10556, 2022 WL 3644185, at *2 (5th Cir. Aug. 24, 2022) (unpublished) (summarizing precedent foreclosing argument). And his Second Amendment argument fares little better; this Court has issued numerous opinions rejecting plain error claims that § 922(g)(1) violates the Second Amendment. *See, e.g., Jones*, 88 F.4th at 574 (collecting cases). Holmes, like Jones and the many cases cited in *Jones*, fails to pass plain error review here because his desired result—an extension of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) to hold § 922(g)(1) unconstitutional—cannot occur in the plain error context. *United States v. McGavitt*, 28 F.4th 571, 577 (5th Cir. 2022) (noting that "a lack of binding authority is often dispositive" in the plain error context). "Arguments that require the extension of existing precedent *cannot* meet the plain error standard." *Jones*, 88 F.4th at 574 (emphasis added) (considering

---

[2] Even applying an abuse of discretion standard here, as Holmes submits we should, the result is the same. The "totality of the circumstances, including the extent of [the District Court's] variance from the Guidelines range," demonstrate that the District Court acted within the bounds of its discretion in sentencing Holmes as it did. *Gall*, 552 U.S. at 51. "[T]he evidence presented to the [District Court] regarding the nature of the offense, and the history and characteristics of the Defendant show the Defendant was a continued danger to society." *United States v. Clark*, 818 F. App'x 326, 330 (5th Cir. 2020) (past criminal conduct showed defendant posed danger to society, and statement of reasons showed district court considered several § 3553(a) factors, including nature of offenses at issue, defendant's history and characteristics, need to deter future criminal conduct, and public safety). No abuse of discretion occurred here.

No. 23-30096

and rejecting identical § 922(g)(1) argument). For these reasons, we AFFIRM.